**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

|  |  |  |
|---|---|---|
| Augustin Tam Niamkey,<br>    Plaintiff, | )<br>)<br>)<br>)<br>) |  |
| v. | ) | Civil Action Number 1:19-cv-3279 |
| Experian Information Solutions, Inc;<br>Equifax Information Services, LLC;<br>Trans Union, LLC;<br>Credit One Bank, N.A.;<br>and LVNV Funding, LLC,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |  |

## COMPLAINT

### A.   PLAINTIFF INFORMATION

1. Plaintiff Augustin Tam Niamkey is an individual person who resides in Denver, CO.

### B.   DEFENDANTS INFORMATION

2. Defendant Experian Information Solutions, Inc ("Experian") is a corporation, located at 475 Anton Boulevard, Cost Mesa, CA 92626.

3. Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company, located at 1550 Peachtree St NW, Atlanta, GA 30309.

4. Defendant Trans Union, LLC ("Trans Union") is a limited liability company, located at 555 W Adams St, Chicago, IL 60661.

5. Defendant Credit One Bank, N.A. ("Credit One") is a national association with its headquarters located in Las Vegas, NV, who offers credit cards mainly to the subprime market all across America, including Colorado.

6. Defendant LVNV Funding, LLC ("LVNV") is a junk debt buyer located in Las Vegas, NV, who purchases old charged off accounts from various financial institutions for pennies on the dollar, and then seeks to collect the full balance from people who may or may not owe the debt.

### C.    JURISDICTION

7. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. 1331 as this matter arises out of the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, et seq.

### D.    STATEMENT OF FACTS

8. Whenever Credit One sells a debt to LVNV Funding, it does so pursuant to an agreement typically called a forward flow agreement, which expressly disclaims the accuracy and validity of any account in the portfolio, and LVNV expressly agrees that it is not relying on Credit One to sell only valid or accurate accounts.

9. In the summer of 2018, Plaintiff applied for a mortgage loan and became aware of inaccurate information on his consumer reports sold by the Big 3 consumer reporting agencies (CRAs). More specifically, a Credit One and LVNV account appeared on his consumer reports.

10. Plaintiff made various disputes to both the CRAs, and the furnishers (Credit One and LVNV) directly but was unsuccessful in getting the inaccurate information off his credit file.

11. At this time, all Plaintiff knows is that the accounts do not belong to him, but he does not know if the accounts were opened as a result of identity theft, or if the accounts belong to someone with a similar name or social security number ("SSN").

12. When the Big 3 CRAs compile a consumer report, it is done entirely via a computer, which uses a loose matching algorithm to assemble the report, which often leads to other people's accounts and information appearing on the wrong consumer's report, called a "mixed file" in the industry.  For example, the Big 3 CRAs will use a 8 for 9 SSN match, even a 7 for 9 SSN match in some cases.  If two consumers have a similar SSN, and they both live in the same state, and both names start with the same letter, then the computer will often just lump them into one report – this is done to satisfy the Big 3 CRA's lender customers, who would prefer maximum possible information, rather than maximum possible accuracy – the standard set forth by the FCRA, 15 U.S.C. 1681e(b).

13. In some cases, the Big 3 CRAs ignored Plaintiff altogether and failed to respond at all to his disputes.  In or around July 2018, Plaintiff disputed the inaccurate information via certified mail to each of the Big 3 CRAs.  Although Plaintiff received the green cards back confirming his disputes were in fact delivered to each of the Big 3 CRAs, Plaintiff received no response at all to his disputes – an automatic violation of 15 U.S.C. 1681i.

14. In other cases, the Big 3 CRAs took Plaintiff's disputes, and compiled them into an ACDV form, which essentially tells the furnisher what information the CRAs have on file, and then asks the furnisher to conduct an investigation and verify that the information is accurate. The Big 3 CRAs sent ACDV forms to both Credit One and LVNV via the e-Oscar system.

15. After being notified by the Big 3 CRAs of Plaintiff's disputes, both Credit One and LVNV falsely "verified" that the information was accurate, and also failed to perform reasonable investigations as required by 15 U.S.C. 1681s-2(b).  Instead, they both performed cursory, sloppy "investigations" which consisted of quickly glancing over the ACDV forms and then checking the box that says "verify" in the e-Oscar system.

E.     **STATEMENT OF CLAIMS**

**CLAIM ONE, FAIR CREDIT REPORTING ACT (FCRA)**

16. Defendants Equifax, Experian, and Trans Union, willfully and negligently violated 15 U.S.C. 1681i by failing to perform reasonable reinvestigations into Plaintiff's disputes by simply copying whatever the furnishers said, a practice known as "parroting", and which has been condemned by numerous federal courts as being an unreasonable reinvestigation as a matter of law.  Nevertheless, the Defendant CRAs persist in this practice in order to boost profits by avoiding paying wages to employees to perform reinvestigations, and instead trying to redefine the word "reinvestigation" to encompass any action as automatically reasonable. Further, the Big 3 CRAs violated 15 U.S.C. 1681i on some occasions by failing to notify the furnishers of Plaintiff's disputes, failing to provide all relevant information, and failing to notify Plaintiff of the results of the reinvestigation.

17. Defendants Credit One and LVNV negligently and willfully violated 15 U.S.C. 1681s-2(b) by failing to perform reasonable investigations into Plaintiff's disputes.  Instead, they both performed cursory, sloppy "investigations" which consisted of quickly glancing over the ACDV forms and then checking the box that says "verify" in the e-Oscar system. They failed to review and consider important information in their own loan files, such as the fact that they did not see a signed credit agreement on file from Plaintiff, and they did not interview any witnesses as part of their investigations.

18. Defendants' violations of the FCRA caused Plaintiff actual damages to be determined at trial, such as emotional distress, inconvenience, embarrassment, lost credit opportunities, and hopelessness.

F.     **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

    a) Actual damages to be determined at trial;
    b) Punitive damages to be determined at trial;
    c) Reasonable attorney fees and costs.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**F.     PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
Augustin Tam Niamkey


STATE OF COLORADO    )
                     )ss
COUNTY OF ARAPAHOE   )

Before me, a Notary Public on November 18, 2019, appeared Augustin Tam Niamkey who after being placed on his Oath, affirms the statements in the above Complaint are true and correct.

**SEAL**

My commission expires: 9-5-23

_____
Notary Public

```
SHERRI REISS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20074032914
MY COMMISSION EXPIRES SEPTEMBER 5, 2023
```

Respectfully submitted this 18th day of November 2019,

| | |
|---|---|
| */s/Mathew Osborne* | */s/ Robert L. Pitler* |
| Matthew R. Osborne #40835 | Robert L Pitler |
| 11178 Huron #7 | 10800 E. Bethany Dr. Suite 250 |
| Northglenn CO 80234 | Aurora CO 80014 |
| 303-759-7018 phone | 303-758-2221 |
| 303-759-5495 fax | 303-755-5113 |
| matt@mrosbornelawpc.com | robertlpitler@rpitlerlaw.com |

Plaintiff:
Augustin Tam Niamkey
10050 E. Harvard Ave, A-205
Denver CO 80231